UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                                                     No.  10-CR-905-LTS

OSCAR RODRIGUEZ,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

The Court has received and reviewed Mr. Rodriguez's Motion for Compassionate Release pursuant to 18 U.S.C. section 3582 (Docket Entry No. 2356) and the parties' subsequent briefing (Docket Entry Nos. 2361 and 2368).  Mr. Rodriguez seeks an unspecified reduction of his sentence.

Mr. Rodriguez makes his application for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-179).[1]  The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then

---

[1] Mr. Rodriguez has exhausted his administrative remedies.  On September 8, 2020, the warden at FCI Fort Dix denied Mr. Rodriguez's request for compassionate release.

considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

> Section 3553(a) directs that the Court
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-163).  As reflected in the transcript, the sentencing Court considered these factors at Mr. Rodriguez's sentencing hearing on Nov. 3, 2014.  (Docket Entry No. 1659, ("Sent. Tr.").)  Several of these factors remain unchanged.  The nature and circumstances of his offense remain very serious, as Mr. Rodriguez participated in a racketeering and marijuana distribution conspiracy as a part of the violent Rodriguez criminal enterprise.  (Id., at 12.)  Mr. Rodriguez's significant criminal record, including the offense which served as the basis for the prior felony information, also necessarily remains unchanged.  (Id., at 14:5.)

---

(Docket Entry No. 2361, Exh. 6.)  Accordingly, 30 days have lapsed since receipt by the Warden of Mr. Rodriguez's request for compassionate release.

In support of his argument that the section 3553(a) factors now present an extraordinary and compelling reason warranting a sentence reduction, Mr. Rodriguez argues that two circumstances have changed since he was sentenced: (1) the risk of infection and serious complications posed by the COVID-19 virus, (2) the disparity between the sentence he received and the sentence he would have received if he were sentenced pursuant to the First Step Act of 2018.

First, Mr. Rodriguez argues that the risk of infection and serious complications from the COVID-19 virus constitutes an extraordinary and compelling reason for a reduction of his sentence. (Docket Entry No. 2356, at 19; Docket Entry No. 2368, at 3-8.) Indeed, Mr. Rodriguez proffers that he contracted the virus in December 2020. (Docket Entry No. 2368, at 3.) Because of his positive test and the prevalence of the virus within his facility, Mr. Rodriguez further argues that FCI Fort Dix has not, and cannot, mitigate the risks posed by COVID-19. (Docket Entry No. 2368, at 3.) However, as Mr. Rodriguez conceded in his letter to the Warden, he does not have any underlying medical condition that places him at an increased risk of serious complications from COVID-19 as compared to any other inmate at FCI Fort Dix (Docket Entry No. 2361, Exh. 6, at 4), and he does not argue that his health has declined after contracting the virus in a way that is extraordinary or compelling. In fact, he does not describe his condition at all, instead speculating that any future development of symptoms or a future infection may be worse. (Docket Entry No. 2368, at 5-6.) The risks posed by COVID-19 do not differentiate Mr. Rodriguez from other inmates. Because Mr. Rodriguez does not have any underlying health conditions, the risk of serious complications posed by COVID-19 does not, standing alone, present an extraordinary and compelling reason for a sentence reduction.

Second, Mr. Rodriguez argues, citing remarks by the sentencing judge, that if he were now sentenced under the First Step Act, Pub. L. 115-351 (2018), he would receive a lower

sentence than the 240-month custodial sentence imposed by Judge Walter because of that Act's amendment of the statutes under which he was sentenced.  (See generally Docket Entry Nos. 2356, 2368.)  However, in passing the First Step Act, Congress explicitly made only some of its provisions retroactive; as Mr. Rodriguez concedes (Docket Entry No. 2356, at 10), Congress did not make retroactive the portions of the First Step Act that amended the statutes under which he was sentenced.  Accordingly, the disparity between Mr. Rodriguez's actual sentence and the sentence he might have received if the First Step Act had been in effect is a disparity Congress intentionally declined to address.  While this fact does not bar to the Court's consideration of the disparity per se, see, e.g., U.S. v. Urkevich, No. 03-CR-37 (LSC), 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (granting compassionate release to a defendant convicted under 18 U.S.C. § 924(c), which was amended by the First Step Act, because it would be unjust to require him to serve 40 years longer than Congress now deems warranted), the fact that the resulting disparity was considered acceptable to Congress militates against finding that it constitutes an extraordinary and compelling reason for a reduction, particularly because the same disparity exists for every defendant sentenced under that provision.

        The Court has also considered the statutory factors set forth in 18 U.S.C. section 3553(a) and finds that the sentence imposed remains sufficient but not greater than necessary to accomplish the purposes of sentencing.  The extremely serious nature of Mr. Rodriguez's offense and his criminal history remain unchanged, and still warrant a significant custodial sentence.  The resultant need to effect deterrence and just punishment, protect the public, and promote respect for the law remains in full force.  Mr. Rodriguez's motion for compassionate release is therefore denied.

This order resolves Docket Entry Number 2356.

SO ORDERED.

Dated: New York, New York
March 2, 2021

        /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge