UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                            No. 10-CR-905-LTS

OSCAR RODRIGUEZ,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

The Court has received and reviewed Defendant Oscar Rodriguez's second pro se motion for a reduction in sentence under 18 U.S.C. section 3582(c)(1)(A)[1] (docket entry no. 2444 ("the Motion")), as well as the Government's opposition (docket entry no. 2447 ("Gov. Mem.")), and Mr. Rodriguez's reply (docket entry no. 2448 (the "Reply")).  Mr. Rodriguez asks that the Court reduce his 240-month custodial sentence to 180 months.  The Court has carefully considered the parties' submissions, and, for the following reasons, the Motion is denied.

BACKGROUND

In 2014, a jury convicted Mr. Rodriguez of one count of racketeering conspiracy and one count of conspiracy to distribute marijuana.  (Gov. Mem. at 4.)  Both charges related to Mr. Rodriguez's involvement in a large-scale marijuana trafficking organization.  (Id. at 1-2.)  Over the course of the decade in which Mr. Rodriguez participated in the organization, he sold

---

[1] While Mr. Rodriguez also invoked 18 U.S.C. section 3582(c)(2) in his opening papers, he abandoned that ground in his Reply.  (Docket entry no. 2449 (the "Reply") at 1 (conceding that relief under 18 U.S.C. section 3582(c)(2) through retroactive application of an amendment to the Sentencing Guidelines was not available due to the mandatory minimum sentence applicable at the time of his sentencing).)

more than a ton of marijuana, violently assaulted at least two people, and tried to help cover up the murder of a young man who had been killed after stealing from the organization.  (Id.)

At the time of Mr. Rodriguez's sentencing, the Court determined that the applicable Sentencing Guidelines range was 210 to 262 months of imprisonment, based on an offense level of 34 and a criminal history category of IV.  (Id. at 4.)  The sentencing judge initially announced the Court's intention to impose a sentence of 216 months but, after discussion of the mandatory minimum sentencing provisions applicable to the charge of conviction and Mr. Rodriguez's criminal history, then imposed the mandatory minimum sentence of 240 months' imprisonment.  In so doing, the Court noted, "There it is, that's Congress, not me."  (Id.)  The 240-month sentence was mandatory because, prior to Mr. Rodriguez's trial, the Government had filed a prior felony information pursuant to 21 U.S.C. section 851, documenting Mr. Rodriguez's prior felony conviction for selling cocaine.  (Id.)

On December 8, 2020, Mr. Rodriguez filed a pro se motion for compassionate release under 18 U.S.C. section 3582(c)(1)(A), arguing that (1) he would face a lower mandatory minimum sentence as a result of the First Step Act of 2018, which prospectively amended the sentencing scheme set forth in 21 U.S.C. sections 841(b)(1)(A) and 851, if he were sentenced at time of the motion; and (2) the COVID-19 pandemic warranted a sentence reduction.  (See docket entry no. 2356 (the "First Motion").)  In denying Mr. Rodriguez's First Motion, the Court explained that, because "Congress did not make retroactive the portions of the First Step Act that amended the statutes under which [Mr. Rodriguez] was sentenced[,] . . . the fact that the resulting disparity was considered acceptable to Congress militates against finding that it constitutes an extraordinary and compelling reason for a reduction, particularly because the same disparity exists for every defendant sentenced under that provision."  (Docket entry no. 2356 (the "First

Compassionate Release Order") at 4.)  The Court "also considered the statutory factors set forth in 18 U.S.C. section 3553(a) and [found] that the sentence imposed remains sufficient but not greater than necessary to accomplish the purposes of sentencing" due to the extremely serious nature of Mr. Rodriguez's offense and his criminal history.  (Id.)

## DISCUSSION

Mr. Rodriguez now moves for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) which provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C.A. section 3582(c)(1)(A) (Westlaw through P.L. 118-78).  In ruling on such a motion, the Court therefore considers (1) whether the defendant has exhausted his administrative remedies; (2) "the factors set forth in section 3553(a) to the extent that they are applicable" and whether the reduction sought is consistent with policy guidance from the Sentencing Commission; and (3) in light of the statutory factors and Commission guidance, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.

The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release," United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); the "district court's discretion in this area—as in all sentencing matters—is broad."  United States v. Zelaya-Romero, No. 15-CR-174-LGS,

2024 WL 1598209, at *2 (S.D.N.Y. Apr. 12, 2024) (citations omitted).  "The Court may consider all circumstances in combination or in isolation, except that rehabilitation alone, may not be the ground for a reduction."  United States v. Brito, No. 11-CR-576-PKC, 2024 WL 1597787, at *3 (S.D.N.Y. Apr. 12, 2024) (quoting Brooker, 976 F.3d at 237-38).  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

As an initial matter, the parties do not dispute that Mr. Rodriguez exhausted his administrative remedies by submitting an inmate request to the warden of FCI Fort Dix and filing his Motion after waiting 30 days without a response.  (Gov. Mem. at 5.)  Therefore, Mr. Rodriguez has satisfied the first requirement.

Mr. Rodriguez argues that "compelling and extraordinary reasons" justify a sentence reduction based on the Sentencing Commission's Policy Statement that,"[w]here a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."  U.S.S.G. § 1B1.13(b)(6).  Mr. Rodriguez has served just over 10 years of his sentence, and he argues that two changes in law justify a sentence reduction.  First, he argues that the First Step Act's reduction of the applicable mandatory minimum from 20 years of imprisonment to 15 years of imprisonment constitutes an extraordinary and compelling reason for release.  (Motion at 4.)  Second, Mr. Rodriguez argues that a sentence reduction is warranted because, under

Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023, he would not receive any "status points" if he were sentenced today, resulting in a Criminal History Category of III, rather than IV, and thus, a Guidelines range of 188-235 months' imprisonment, rather than the 210-262 months' Guidelines range that the Court applied at his sentencing. (Id.)

The Government argues that the Court should reject Mr. Rodriguez's argument to the extent it is based upon the policy statement set forth in Section 1B1.13(b)(6) of the amended Guidelines, asserting that the Sentencing Commission lacks statutory power to authorize compassionate release based on the gross disparity of a sentence being served from a sentence that would be imposed for the same crime today. (Gov. Mem. at 9.) The Court need not engage the merits of the Government's invalidity argument because "[a]ssuming, without deciding, that Section 1B1.13(b)(6) is valid," United States v. Gil, No. 90-CR-306-KMW, 2024 WL 2875206, at *3 (S.D.N.Y. June 7, 2024), Mr. Rodriguez has failed to establish that an extraordinary and compelling reason justifying compassionate release exists on the basis of that Section. While Mr. Rodriguez's 240-month sentence was substantial, it was not unusually long in light of the nature and circumstances of his crime—participation as a supervisor in a massive marijuana distribution organization—which included personal involvement in violent assaults and an attempted cover-up of murder. This conclusion is bolstered by the fact that "the sentence imposed was in the middle of the recommended [Guidelines] range" of 210 to 262 months "even without regard to the prior drug felony conviction" that mandated a 240-month minimum sentence. United States v. Scott, No. 04-CR-6102-CJS, 2024 WL 2748116, at *15 (W.D.N.Y. May 29, 2024).

Likewise, Mr. Rodriguez cannot show that the change in law produced a gross disparity between the sentence he is serving and the sentence likely to be imposed today; 240

months is only 5 months more than 235 months, the top of the new Guidelines range that would apply if Mr. Rodriguez was sentenced today. Even if the Court assumes that Mr. Rodriguez is correct in arguing that he would likely be sentenced to 180 months' incarceration if he were sentenced today (see Reply at 1), there would be no gross disparity between a 180-month sentence and the 240-month sentence that was imposed. Indeed, courts in this Circuit and elsewhere have interpreted the term "gross disparity" to refer to disparities that far exceed the one presented in this case. See, e.g., United States v. Ballard, 552 F. Supp. 3d 461, 468-69 (S.D.N.Y. 2021) (finding a "gross disparity" between original sentence of 50 years and likely sentence of 25 years at time motion brought); United States v. Watts, No. 92-CR-797-KAM, 2023 WL 35029, at *14 (E.D.N.Y. Jan. 4, 2023) (same between sentences of 92 years and 37 years); United States v. Sessoms, 565 F. Supp. 3d 325, 326 (E.D.N.Y. 2021) (same between sentences of 35 years and 17 years); United States v. Campbell, 647 F. Supp. 3d 76, 87 (E.D.N.Y. 2022) (same between sentences of 125 years and 35 years); United States v. Williams, No. 91-CR-1219-DRH-1, 2022 WL 1488695, at *7 (E.D.N.Y. May 11, 2022) (same between sentences of 145 years and 40 years); United States v. Reid, No. 05-CR-596-ARR-1, 2021 WL 837321, at *7 (E.D.N.Y. Mar. 5, 2021) (same between sentences of 119.5 years and 38 years); United States v. Redd, 444 F. Supp. 3d 717, 723-24 (E.D. Va. 2020) (same between sentences of 45 years and 15 years).

Indeed, both the First Step Act and Amendment 821 indicate that Mr. Rodriguez has not established an extraordinary and compelling reason justifying a reduction in his sentence. As the Court made clear in its First Compassionate Release Order, because "Congress did not make retroactive the portions of the First Step Act that amended the statutes under which [Mr. Rodriguez] was sentenced[,] . . . the fact that the resulting disparity was considered acceptable to

Congress militates against finding that it constitutes an extraordinary and compelling reason for a reduction, particularly because the same disparity exists for every defendant sentenced under that provision." (First Compassionate Release Order at 4.) This logic applies with equal force to Amendment 821, which does not provide relief for defendants who, like Mr. Rodriguez, were sentenced to the mandatory minimum applicable at the time of their sentencing. U.S.S.G. § 1B1.10(b)(2)(A); see, e.g., United States v. Vizcaino, No. 20-CR-241-RMB, 2024 WL 922817, at *1 (S.D.N.Y. Mar. 4, 2024).

Mr. Rodriguez also points to his record of rehabilitative efforts while in prison to support his Motion. The Court applauds Mr. Rodriguez for his lack of disciplinary infractions, his pursuit of educational opportunities, his commitment to his work in the laundry department, and his exemplary behavior as described in a letter of recommendation from Senior Officer Specialist Holmes. While these accomplishments are impressive, rehabilitation alone is not sufficient to justify a sentence reduction. See, e.g., United States v. Walden, No. 96-CR-962-LAK, 2020 WL 7870670, at *4 (S.D.N.Y. Dec. 31, 2020).

## CONCLUSION

For the foregoing reasons, Mr. Rodriguez's motion for a reduced sentence pursuant to 18 U.S.C. section 3582(c)(1) is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Rodriguez at the address below.

This Order resolves docket entry no. 2444.

SO ORDERED.

Dated: New York, New York
       August 19, 2024

                                                           /s/ Laura Taylor Swain
                                                           LAURA TAYLOR SWAIN
                                                           Chief United States District Judge

Mail to:

Oscar Rodriguez
No. 42047-054
FCI Fort Dix
PO Box 2000
Joint Base MDL, NJ 08640